# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:04CV176

| | |
|---|---|
| EVA B. HELTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRYE REGIONAL MEDICAL )<br>CENTER, INC., )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the parties "Joint Motion to Stay Proceedgings [sic] and Administratively Close the Case," filed June 28, 2006.

On September 29, 2004, Plaintiff filed a Complaint in the General Court of Justice, Superior Court Division for Catawba County, alleging claims against Defendant pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*, ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq* ("ADA"), and the North Carolina Persons with Disabilities Act, N.C. Gen. Stat. § 168A-1, *et. seq*. On October 29, 2004, pursuant to 28 U.S.C. § 1331, Defendant removed Plaintiff's action to this Court. Also on October 29, 2004, Defendants filed a Motion for David P. Jaqua to appear *pro hac vice*, which was granted in an Order filed November 8, 2004. Since that November 2004 Order, however, no further action has been taken by either party in this case.

Consequently, on June 14, 2006, this Court issued an Order on its own motion, directing Plaintiff to show cause why her Complaint should not be dismissed with prejudice for failure to

prosecute. In response, the parties filed the instant Motion,[1] advising the Court that Plaintiff's claims are within the scope of an enforceable arbitration agreement and asking the Court to stay this civil action and administratively close the case for statistical purposes, subject to reopening without the necessity of a reopening filing fee should either of the parties move to vacate, confirm or modify the arbitrator's award pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 2 ("FAA").

The FAA provides in pertinent part as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3. Upon review of the arbitration agreement, the Court concludes that Plaintiff's claims herein are within the scope of arbitrable issues under that agreement. (Jt. Mot. to Stay Exh. 1). That is to say that the arbitration agreement is enforceable under the Federal Arbitration Act and Plaintiff's employment or termination of employment must be submitted to final and binding arbitration under the auspices of the American Arbitration Association. Consequently, a stay of this action pending the parties engaging in such arbitration is required. Moreover, since the parties are mandated to arbitrate Plaintiff's claims, and in light of the indefinite stay of this civil action as a result, administrative action pursuant to the *Guide to Judiciary Policies and Procedures*, Volume XI, Chapter V, is appropriate.

---

[1]Additionally, on June 28, 2006, Plaintiff filed a separate document titled "Plaintiff's Response to Show Cause Order." In summary, this Response requests that the Court grant the parties' Motion to Stay and Administratively Close the Case.

**IT IS, THEREFORE, ORDERED** that the Joint Motion to Stay Proceedings and Administratively Close the Case is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this matter shall be stayed pending the parties' completion of arbitration of Plaintiff's claims.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to remove this action as a statistically pending matter as outlined in Volume XI, Chapter V of the *Guide to Judiciary Policies and Procedures*. The parties are advised that if relief is still sought from this Court at the conclusion of the arbitration, a motion requesting that the case be reopened must be submitted pursuant to and within the time prescribed by the FAA.

Signed: July 18, 2006

Richard L. Voorhees
United States District Judge